UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:13-cv-00022-FDW

| | |
|---|---|
| HELMAR OLSON, | ) |
| Plaintiff, | ) |
| v. | ) |
| BOBBY TAYLOR; DAVID TAYLOR; DONALD GRINDSTOFF; SUSAN WHITE; MIKE SLAGLE; CHAD GREEN; BRET BULLIS; REGINALD MEWBORN; KENNETH JONES, | ) **ORDER** |
| Defendants. | ) |

**THIS MATTER** is before the Court on consideration of the pro se complaint which Plaintiff filed pursuant to 42 U.S.C. § 1983.[1] For the reasons that follow, this action will be dismissed.[2]

I. BACKGROUND

A. 2011 complaint

On June 30, 2011, Plaintiff filed a pro se § 1983 complaint in this District and named as defendants officers and employees of the North Carolina Department of Public Safety. (Civil Case No. 1: 11-cv-00160-RJC). The complaint alleged that correctional officers Bobby Taylor and Marl Foster were informing fellow inmates that Plaintiff was a convicted child sex offender

---

[1] Pursuant to 28 U.S.C. § 1915(A)(a), "the court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." During this review, the "court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint— (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b)(1) and (b)(2).

[2] Plaintiff is a prisoner of the State of North Carolina and he filed this complaint while housed in the Mountain View Correctional Institution within this District.

1

and a former police officer and that the defendants were placing his safety at risk. Plaintiff also alleged that Taylor and Foster subjected him to a steady stream of name calling referring to Plaintiff as a "dirty cop" and "Bacon boy" and other derogatory names. Plaintiff filed a grievance against Taylor expressing his concern that his safety was at risk because of these comments to inmates.[3] Plaintiff was offered protective custody however he refused based on his belief that protective custody would only protect him from inmates and not from the harassment of prison staff.

Plaintiff's grievance was eventually denied and he filed his § 1983 complaint and raised an Eighth Amendment claim of deliberate indifference contending that by informing fellow inmates of his status as a convicted child sex offender and former police officer, Defendants Taylor and Foster were placing his safety at risk. Plaintiff also claimed that the response by other named defendants during his participation in the grievance process was insufficient because they did not adequately address his complaints against Taylor and Foster. After considering Plaintiff's allegations in his complaint and his amended complaint, the Court found that Plaintiff had failed to state a claim for relief under the Eighth Amendment because he had failed to present any colorable claim that his safety was ever at risk or that the response by prison officials to his grievance violated his federally protected rights.

On May 24, 2012, Plaintiff's complaint was dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1) and the Fourth Circuit affirmed on appeal for the reasons stated in the Court's order of dismissal. See Olson v. Taylor, et al., No. 1:11-cv-00160-RJC (W.D.N.C. May 24, 2012), aff'd, 478 F. App'x 765 (4th Cir. 2012) (unpublished).

---

[3] In North Carolina, State prisoners must complete a three-step administrative remedy procedure (ARP) in order to exhaust their administrative remedies. See N.C. Gen. Stat. §§ 148-118.1 to 148-118.9 (Article 11A: Corrections Administrative Remedy Procedure); Moore v. Bennette, 517 F.3d 717, 721 (4th Cir. 2008).

2

B.  Present § 1983 complaint

After the Fourth Circuit affirmed the dismissal of his 2011 complaint, Plaintiff filed the instant complaint this time alleging that during the pendency of his 2011 case, one or more of the above-named defendants retaliated against him for exercising his right to participate in the prison's internal grievance process and his right to access the courts.[4]

Plaintiff alleges that while the 2011 case was pending, he served Defendant Susan White, who was superintendent of Mountain View Correctional, with written notice that Defendant Bobby Taylor was harassing him. On March 26, 2012, Plaintiff filed a written grievance complaining about acts of Defendant Taylor that he contended were carried out in retaliation for Plaintiff's participation in the grievance process and for filing his 2011 civil complaint (Grievance No. 4855-2012-240) ("Grievance 240).[5] While his first grievance was pending on review, Plaintiff again petitioned Defendant White complaining about additional acts of intimidation by Defendant Taylor to which she replied that Plaintiff should await the resolution of his initial grievance before pursuing further administrative action. (1:13-cv-00022, Doc. No. 1: Complaint).

On Wednesday, June 26, 2012, Plaintiff filed another written grievance regarding retaliatory conduct, this time by Defendant correctional officer David Taylor. Plaintiff alleged that David Taylor searched his cell without a warrant and found Plaintiff's legal documents that were related to the 2011 civil suit. In response to this grievance, the examiner found that Taylor

---

[4] Plaintiff filed this complaint in the Eastern District of North Carolina and it was transferred to this District based on improper venue as the allegations concern events that occurred while Plaintiff was housed in Mountain View Correctional Institution. (1:13-cv-00022-FDW, Doc. No. 4: Order).

[5] The Court finds that consideration of Plaintiff's written grievances, and the responses thereto, is proper in this case as they are filed by Plaintiff and there appears to be no question that they are authentic and integral to a review of the allegations in this case. See Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

3

entered Plaintiff's cell to verify contraband that was found in another inmate's cell. The contraband, according to the examiner, was legal material related to the 2011 lawsuit. (Id., Doc. No. 1-1). The grievance was found to be without merit and it was dismissed. (Id. at 6).

On June 27, 2012, Plaintiff alleges that correctional officer Hailman informed Plaintiff that he had been ordered to search his cell. Plaintiff requested that Hailman refrain from reading his legal material; Hailman replied that he would have to read the legal material but only in an effort to verify that the legal material belonged to Plaintiff. After examining the material, which consisted of witness statements and evidence related to the 2011 lawsuit, Hailman confiscated some of the legal documents explaining that it "was raising some flags." (Id., Complaint at 7 ¶¶ 8-9). Later that same day, Hailman advised Plaintiff that Defendant Grindstoff, whom Plaintiff identifies as a correctional captain, was examining the confiscated legal materials. After Grindstoff concluded his examination, the legal materials were returned to Plaintiff. (Id. at 8 ¶¶ 10-11).

On August 25, 2012, Plaintiff filed a grievance regarding the search of his cell and the examination of his legal material by Captain Grindstoff. The grievance was dismissed after the examiner found that the search of Plaintiff's cell was conducted pursuant to prison policy and that there was no retaliation against Plaintiff for any reason. In the Step Two response, the examiner explained that as an inmate, Plaintiff was "subject to a search at any time and simply being searched does not constitute retaliation." (Id., Doc. No. 1-1 at 9).

## II.     STANDARD OF REVIEW

Section 1983 provides a remedy where a person acting under color of state law deprives someone of a right secured by federal law. Section 1983 applies to violations of federal constitutional rights, as well as certain limited federal statutory rights. See Maine v. Thiboutot,

4

448 U.S. 1 (1980); see also Gonzaga Univ. v. Doe, 536 U.S. 273, 283 (2002) (holding that a right must be "unambiguously conferred" by a statute to support a Section 1983 claim); Golden State Transit Corp. v. Los Angeles, 493 U.S. 103, 107-08, n.4 (1989) (A claim based on a "statutory violation is enforceable under § 1983 only when the statute creates 'rights, privileges,or immunities' in the particular plaintiff.").

A pro se complaint in a proceeding in form pauperis must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v.Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). In order to avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).[6] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). It is not necessary that Plaintiff allege exhaustive, "detailed factual allegations," but [Rule 8] demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. (citing Twombly, 550 U.S. at 555).

### III. DISCUSSION

In the present complaint, Plaintiff identifies Defendants Chad Green, Brett Bullis and Mike Slagle as individuals that investigated his grievances which involved the alleged actions by Defendants David Taylor, Bobby Taylor, and Grindstoff. Plaintiff's sole contention against these

---

[6] See De'Lonta v. Johnson, 708 F.3d 520, 524 (4th Cir. 2013) ("applying the same standards as those for reviewing a dismissal under Fed. R. Civ. P. 12(b)(6)" to a review under § 1915A(b)(1)).

defendants is that they failed to properly act or intervene during the grievance process and that this allowed Plaintiff's constitutional rights to be violated. Namely, his right to participate in the grievance process and to access the courts to pursue his 2011 complaint. (1:13-cv-00022, Complaint at 8-9 ¶ 13). Plaintiff names Defendants Reginald Mewborn and Kenneth Jones, whom he identifies as grievance examiners, and argues that they violated his constitutional rights by failing to carry out a sufficient investigation into Plaintiff's grievances. (Id. ¶¶ 14-15). These defendants will be dismissed from this action because Plaintiff has failed to establish that any of his constitutional rights were violated.

    A.    Grievance procedure

Plaintiff's challenge regarding his participation in the grievance process and the defendants' actions or omissions during this process will be dismissed for failure to state a claim because there is no federally protected right to participate in an internal grievance process just as there is no such right to the existence of a grievance procedure. See Daye v. Rubenstein, 417 F. App'x 317, 319 (4th Cir. 2011) (unpublished) (citing Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994)). The Prisoner Litigation Reform Act ("PLRA") provides, in pertinent part that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Whether an inmate has properly exhausted his administrative remedies is a matter to be determined by referencing the law of the state where the prisoner is housed and where the allegations supporting the complaint arose. See Jones v. Bock, 549 U.S. 199, 218 (2007) ("The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the

boundaries of proper exhaustion."). Thus, if the State has a grievance procedure, then the prisoner must participate and fully exhaust his available administrative remedies before filing suit, but there is no federally protected right to any particular outcome – which is Plaintiff's principal complaint – after a grievance is fully examined and exhausted. Accordingly, Plaintiff's claims against Defendants Green, Bullis, Slagle, Mewborn, Jones, and White will be dismissed for failure to state a claim. 28 U.S.C. § 1915A(b)(1).[7]

B. Access to courts

There is no question that prisoners must have reasonable access to present claims in court. See Bounds v. Smith, 430 U.S. 817, 824-25 (1977). Plaintiff does not contend in his complaint, as amended, that he was denied access to the courts, rather he contends that the actions of Defendants Bobby Taylor, David Taylor and Donald Grindstoff – which resulted in the search of his cell, and the confiscation and examination of legal materials related to his 2011 lawsuit – were in retaliation for his exercise of his First Amendment right to access the courts.[8]

In order to state a claim of retaliation, a plaintiff first demonstrate that the retaliatory action at issue violates a constitutionally protected right. Daye, supra. Plaintiff carries the burden of demonstrating that the alleged retaliatory actions resulted in an actual injury or that a defendant's alleged conduct impeded his right to access the courts. See Lewis v. Casey, 518 U.S. 343, 351-52 (1996). Plaintiff acknowledges that his legal materials were returned to him and he makes no reasonable claim that a cursory examination of the materials adversely affected his

---

[7] The only allegations against Superintendent White are that she apparently failed to immediately act when Plaintiff wrote to her to complain about Defendant Taylor's alleged actions. Instead of taking action, White advised Plaintiff that he should await the outcome from the grievance procedure. (Id., Complaint at 5 ¶¶ 3, 5). Plaintiff fails to state a claim here as Defendant White was merely informing him of the mandatory requirements of the PLRA, that is, that Plaintiff must fully exhaust his administrative remedies.

[8] Plaintiff's challenge to the search of his cell is without merit as there is no constitutional prohibition on the unannounced search of a cell and certain no requirement of a search warrant.

7

ability to pursue his 2011 complaint. Moreover, his 2011 complaint was dismissed for failure to state a claim under § 1915A(b)(1) and this ruling was upheld on appeal. "If your legal papers are confiscated in a doomed proceeding, there is no harm and no basis for a constitutional suit." Thomson v. Washington, 362 F.3d 969, 970 (7th Cir. 2004) (citing Christopher v. Harbury, 536 U.S. 403, 415 (2002)). Based on the foregoing, the Court finds that Plaintiff's claim of retaliation should be dismissed.

In his amended complaint, Plaintiff pleads an Eighth Amendment claim of cruel unusual punishment based on the searches of his cell and the examination of legal papers. (1:13-cv-00022, Doc. No. 11). Plaintiff again contends that these actions were taken in retaliation for filing the 2011 lawsuit and were calculated solely to harass him. However, Plaintiff is complaining about a small number of searches, which of course prison officials are allowed to do without notice or permission, and a brief examination of legal materials related to the 2011 lawsuit, which officers are also allowed to do if contraband is suspected. In sum, defendants' actions did not impede Plaintiff's ability to access the courts and they do not rise to an actionable claim under the Eighth Amendment.

Finally, Plaintiff pleads for a declaratory judgment which finds that the defendants' collective actions were in violation of the First Amendment, and Plaintiff moves for injunctive relief which would prohibit any further action by the defendants which might interfere with the present lawsuit. Based on the foregoing findings and dismissal of this suit, the Court finds that these claims will be dismissed as moot. (Id., Complaint at 11).

## VI. CONCLUSION

For the reasons stated herein, the Court finds that Plaintiff has failed to state a claim upon which relief may be granted and his complaint, as amended, will be dismissed. 28 U.S.C. § 1915A(b)(1).

**IT IS, THEREFORE, ORDERED** that Plaintiff's complaint, as amended, is **DISMISSED** for failure to state a claim. (Doc. No. 1).

The Clerk of Court is respectfully directed to close this civil case.

**IT IS SO ORDERED.**

Signed: July 8, 2015

Frank D. Whitney
Chief United States District Judge